# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

SANDRA RISNER,

      Plaintiff,

v.

GEETA, INC. and
MUKESH MERCHANT,

      Defendants.

CIVIL ACTION FILE NO.
2:12-cv-00098-WCO

## DEFENDANTS' MOTION TO COMPEL
## ANSWERS TO INTERROGATORIES AND
## PRODUCTION OF DOCUMENTS WITH BRIEF IN SUPPORT

COME NOW, Defendants Geeta, Inc. and Mukesh Merchant, by and

through undersigned counsel, and move to compel responses to interrogatories and

requests for the production documents.  Defendants have timely[1] filed this motion,

and with the brief in support provided herein, show the Court as follows:

---

[1] Under Local Rule 37.1(B), "a motion to compel a disclosure or discovery must be
filed within the time remaining prior to the close of discovery or, if longer, within
fourteen (14) days after service of the disclosure or discovery response upon which
the objection is based. . . ."  In this case, discovery ended October 30, 2012.  (Doc.
35).  However, Risner served the discovery responses and disclosures upon which

1

## I.   BACKGROUND

This is a single-plaintiff case for alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (*See* Pl.'s Compl. ¶ 1; Doc. 1).  Plaintiff Sandra Risner was employed as a front desk clerk, housekeeper, and overnight staff person at the Riverbend Motel & Cabins ("Riverbend Motel") in Helen, Georgia.  (*Id.* ¶¶ 2, 20).  Defendant Geeta, Inc. is a small family-owned business that runs two hotels in Helen, Georgia: the Riverbend Motel and the Quality Inn of Helen, Georgia.

In her Complaint, Risner alleges that she "regularly worked in excess of 120 hours per week for Defendants at most times relevant to this action."  (*Id.* ¶ 24).[2] In support of this estimate, Risner further alleges that "Defendants required Plaintiff to remain at its [*sic*] Riverbend Location for days and weeks at a time." (*Id.* ¶ 25).  While Defendants contend otherwise, it is uncontested that Risner lived

---

this Motion is based on October 25, 2012, and October 30, 2012.  (*See* Pl.'s Resp. to Defs.' First Interrogs., Exhibit A, at 20 of 21; Pl.'s Resp. to Defs. First Request for Production, Exhibit B, at 12 of 12; Docs. 41-43).  Accordingly, this Motion is timely because it is served within 14 days of Risner's service of discovery responses on October 25, 2012.

[2] In her discovery responses, Risner has increased her estimate of hours worked to 22 hours per day, 7 days per week for the majority of the time she was employed by Defendants.  (*See* Pl.'s Damages Spreadsheet, Exhibit C, at 1 of 5).

at the Riverbend Motel during the period of her employment: she slept there, ate her meals there, and she also worked there. (S. Risner Depo. at 40, 44-45, 181). While Defendants did not maintain time records for Risner, the U.S. Department of Labor does not require specific time records to be maintained for employees like Risner who live at their employer's premises for extended periods.[3]

Defendants maintain that the terms and conditions of Risner's employment fully complied with the FLSA, and they also note that their decision to permit Risner to live at the Riverbend Motel was an accommodation to Risner, who could not commute to Helen, Georgia on a daily basis from her hometown of Hartwell, Georgia. Notwithstanding Risner's general satisfaction with her job and her admission that she never specifically complained about her hours,[4] she is now seeking compensation for an estimated 22 hours per day for the majority of the period she was employed by Defendants.[5] Based on this estimate, Risner seeks in

---

[3] The Department of Labor maintains that, in the case of an employee who "resides on his employer's premises on a permanent basis or for extended periods of time[,]" it is "difficult to determine the exact hours worked . . . and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted." 29 C.F.R. § 785.23.

[4] (S. Risner Depo. at 126-27, 158-61, 198-99).

[5] In the spreadsheet attached to Risner's Responses to Defendants' First Continuing Interrogatories, Risner estimates that she worked 22 hours per day for

excess of $150,000 in unpaid minimum wage and overtime compensation.   (Pl.'s Damages Spreadsheet, Exhibit C, at 5 of 5).   Furthermore, Risner seeks her attorney's fees and costs.  (*See, e.g.*, Pl.'s Compl. at 9 of 10; Doc. 1).

Faced with these claims, which present a threat of legal liability that could potentially bankrupt them, Defendants have sought detailed factual information from Risner.   Unfortunately, Risner's evasive and incomplete responses to Defendants' written discovery undermine Defendants' ability to gather critical information about Risner's claims.   As a remedy for Risner's incomplete and evasive discovery responses, Defendants respectfully request that the Court enter an Order compelling Risner to respond to their interrogatories and produce documents responsive to their requests for production.   Defendants also respectfully request that the Court award them attorney's fees and expenses incurred in connection with filing this motion to compel.

## II.    ATTEMPTS TO CONFER

In compliance with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1(A)(1), undersigned counsel for Defendants has attempted in good faith to confer with Risner's counsel by telephone and in-person meeting.

---

every single day between January 1, 2011, and October 31, 2011.  (Pl.'s Damages Spreadsheet, Exhibit C, at 1 of 5).

4

Furthermore, on November 1, 2012, undersigned counsel for Defendants sent Risner's counsel a detailed Rule 37 Letter describing each of the deficiencies noted in this Motion and requesting that Risner supplement her responses no later than Tuesday, November 6, 2012, at 5:00 p.m.[6]   Unfortunately, Risner's counsel blocked further attempts to confer by: (1) cancelling pre-arranged telephone conferences without explanation;[7] (2) hanging up the phone, thereby terminating the parties' conversations; and (3) refusing to return undersigned counsel's phone calls.  (*See generally* Emails Regarding Attempts to Confer, Exhibit D).   In contrast with the good faith efforts to confer made by counsel for Defendants,

---

[6] (*See* Defendants' Rule 37 Letter, Exhibit K).  Risner's counsel never responded by email, letter, or otherwise to any of the specific points made in Defendants' Rule 37 Letter.

[7] For example, after Risner's counsel cancelled a conference at 2:00 p.m. on Friday, November 2, 2012, (a time that he chose) counsel stated that he would be "available Monday[.]"  (Exhibit D at 4 of 6).  When asked by email what time he would be available, counsel responded "4:30 pm[.]"  (*Id.* at 4-5).  Later in the day, counsel sent an email stating "Jeff, cancelling today's phone call[.]"  (*Id.* at 5).  In a subsequent email, undersigned sent an email stating "I request that you call to confer regarding Risner's discovery responses.  The purpose of such conference will be to resolve our discovery dispute without involving the Court."  (*Id.* at 6).  Counsel has not called, and further attempts to reach Risner's counsel by telephone (either Thomas Martin or Kimberly Martin) have proven unavailing.  After these attempts to contact counsel, undersigned considered that Risner's counsel was stonewalling and that the deadline for filing a motion to compel necessitated preparing the motion rather than continuing futile efforts to reach counsel by telephone.

5

Risner's counsel has acted in bad faith by refusing to confer.  Such conduct undermines the discovery process and unnecessarily burdens the Court with issues that should be, and usually can be,  resolved when counsel makes good faith efforts.[8]

## III.   ARGUMENT & AUTHORITIES

It is a well-established principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947).  "To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.*  The Supreme Court has, in no uncertain terms, defined the broad scope of discovery in civil litigation as encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be

---

[8] On November 8, 2012, at 5:04 p.m. and 5:43 p.m.—just as this motion was being finalized—Risner's counsel sent undersigned several PDF documents via email. They are titled: "2d Rogs Revised Response", "Admissions Revised Response", "1st Docs Revised Response", and "2d docs revised response".  While these documents purport to supplement Risner's earlier responses, for the most part they elaborate on previous objections and fail to provide the information sought by Defendants.  Also, given that Risner's counsel has refused to confer with counsel for Defendants prior to the filing deadline for this Motion, any further delay in filing would be unreasonable and would unduly prolong discovery, including briefing on what still appears to be a necessary motion to compel.

in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

## IV.   Interrogatories

### A.   *Risner's Failure to Verify her Interrogatory Responses*

Rule 33 of the Federal Rules of Civil Procedure mandates that "[e]ach interrogatory *must*, to the extent it is not objected to, be answered separately and fully in writing under oath."   Fed.R.Civ.P. 33(b)(3) (emphasis added).   "The person who makes the answers must sign them, and the attorney who objects must sign any objections."   Fed.R.Civ.P. 33(b)(5).   In this case, Risner has failed to provide a verification swearing to the truth of her interrogatory responses. Defendants request that the Court order Risner to verify her interrogatory responses.

### B.   *Risner's Insufficient Responses to Defendant's First Continuing Interrogatories*

- *Third Interrogatory*

The Third Interrogatory requested that Risner list each workweek for which she claims Defendants violated the FLSA's minimum wage or overtime provisions:

3.   List each workweek during the relevant time period in which you contend that Defendants failed to pay you either the minimum

wage or the correct amount of overtime wages. With regard to each
workweek listed, state whether you contend that a minimum wage
violation, an overtime violation, or both occurred.

Although Risner did not object to this interrogatory, she responded in an
incomplete and evasive manner. Instead of listing workweeks as requested, Risner
stated that she alleges minimum wage and overtime damages for all weeks in
which she worked at least 3 days and that "virtually if not all of the weeks she
worked fit into this category." Risner's incomplete answer with its circular
definition of Risner's workweeks constitutes a failure to answer. Fed.R.Civ.P.
37(a)(3). Such information is particularly relevant in light of Risner's deposition
testimony stating that she absent from the Riverbend Motel at various times
throughout her employment. (*See* S. Risner Depo. at 192-93). Defendants seek to
discover whether Risner is claiming damages for weeks in which she was absent.
Accordingly, Defendants request that the Court order Risner provide a complete
response to this interrogatory.

- ***Sixth Interrogatory***

Defendants' Sixth Interrogatory requested detailed information regarding the
work-related activities Risner performed at the Riverbend Motel:

6. In as much detail as possible, describe each of the work-related
activities that you performed when employed by Defendants during
the relevant time period, and for each activity, provide an estimate of

8

the approximate number of hours per week that you performed it. (As a hypothetical example, you might say that you spent an average of 1 hour per week folding laundry.) If you contend that these estimates will be more accurate if listed separately for different periods or phases of your employment, then provide separate estimates for each such period or phase. (As a hypothetical example, you might provide separate estimates for the period from September of 2011 [*sic*] through January of 2011, when you testified that you primarily cleaned cabins).

Risner objected to this interrogatory "because it is unduly burdensome as it requests Plaintiff to identify her activities for every hour of every worked hour encompassing thousands of hours." Risner bears the burden of showing that this objection properly applies. *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) ("[T]he onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome."). However, she cannot meet this burden because her objection relies on a willful misreading of the interrogatory.[9] Moreover, Risner would need to show that the burden of answering outweighs the benefit to Defendants of having the information. *See Heartland Surgical Specialty Hosp.,*

---

[9] Risner's objection, which is unclear as written, is not appropriate for the subject matter of the question. Risner reads this critically important question as a demand for an account of "every hour of every worked hour encompassing thousands of hours," which mischaracterizes the interrogatory in order to portray it as unduly burdensome. However, undersigned counsel carefully drafted this question to render it minimally burdensome, which is evident in the question's phrasing.

9

*LLC v. Midwest Div., Inc.*, 2007 U.S. Dist. LEXIS 16816, at *31 (D. Kan. Mar. 8, 2007) ("An interrogatory creates an undue burden when the burden to the interrogated party outweighs the benefit to the discovering party of having the information.").   In addition, Risner bears the ultimate burden of establishing by a preponderance of the evidence the number of hours she alleges she worked for which she was not properly paid.[10]   Because the information sought by this interrogatory goes to the heart of Risner's prima facie case, it is essential to Defendants' ability to comprehend the basis for her claims.   Risner's "undue burden" objection is frivolous given that she will have to provide this evidence at trial to prevail.   Accordingly, Defendants request that the Court order Risner to respond to this interrogatory.

- ***Seventh Interrogatory***

The Seventh Interrogatory requested information regarding Risner's non-work-related activities when she was employed by Defendants.  The question was written in substantially the same form as the previous interrogatory:

---

[10] Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-687 (U.S. 1946) (holding that "[a]n employee who brings suit . . . for unpaid minimum wages or unpaid overtime compensation . . . has the burden of proving that he performed work for which he was not properly compensated.").

7.     Separately describe each of the non-work-related activities that you performed when employed by Defendants during the relevant time period, and for each activity, provide an estimate of the approximate number of hours per week that you performed it. (As a hypothetical example, you might say that you spent an average of 10 hours per week watching television).   If you contend that these estimates will be more accurate if listed separately for different periods or phases of your employment, then provide separate estimates for each such period or phase. (As a hypothetical example, you might provide separate estimates for the period from September of 2011 through January of 2011, when you testified that you primarily cleaned cabins).

Risner objected that this interrogatory (1) was "confusing"; (2) sought information not reasonably calculated to lead to the discovery of admissible evidence, and (3) was unduly burdensome "as it requests Plaintiff to identify her activities for every hour of every non-worked hour encompassing thousands of hours." The information sought by Defendants is relevant because Risner contends she was working 22 hours a day.  If Risner worked 22 hours a day, then the Defendants are interested in discovering (1) how she spent that time and (2) the specific amounts of time she spent watching television, cooking dinner, and performing other non-work-related tasks. Without such information, Defendants are unable to understand the basis for Risner's claims.  Risner's objection that the interrogatory

11

is "confusing" is without merit as she offers nothing to substantiate the objection.[11] The objection that the interrogatory is overly burdensome is without merit, and the same is true with regard to the objection that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.   The information requested is relevant and probative because it bears on Plaintiff's hours' worked, which, again, Plaintiff bears the ultimate burden of proof in establishing her prima facie case.   Defendants request that the Court order Plaintiff to respond to this interrogatory.

- ***Tenth Interrogatory***

The Tenth Interrogatory requested detailed information regarding how Risner was compensated for her work at the Riverbend Motel.

10.   Set forth in detail the method by which you believe you were compensated for working at the Riverbend Motel, and in your description, please: (a) state how often (if ever) you removed cash from the Riverbend Motel's cash register to use for your own purposes; (b) the total amount of cash (if any) you removed from the Riverbend cash register; (c) state how often (if ever) Defendants paid you cash in addition to the amount of money you received as a fixed monthly salary; (d) if you received such cash payments from Defendants, explain the reason that you think you received these payments; (e) state the total amount of cash (if any) Defendants paid

---

[11] *U.S.C.F.T.C. v. Am. Derivatives Corp.*, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007) ("Merely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery.").

you in addition to the amount of money you received as a fixed
monthly salary; and (f) describe your understanding of the policies or
informal procedures relevant to your removal of cash from the
Riverbend Motel cash register and Defendants' decision to pay you
cash on certain occasions.

Risner's only objection to this interrogatory was to invoke her privilege against

self-incrimination under the Fifth Amendment as a reason for not answering

subparts (a), (b), and (f).  However, Defendants contend that Risner waived any

Fifth Amendment privileges on this topic during her deposition on August 7,

2012.[12]  With respect to the remainder of the interrogatory, Risner failed to provide

any response to the more general question—i.e., how she believed she was

compensated.  Furthermore, Risner responded evasively by stating that "Plaintiff

------

[12] When asked in her deposition about removing money from the Riverbend
Motel's cash register to pay herself amounts that she thought she was owed, Risner
responded:  "I was mad, I was hurt, and I didn't want to have to come back to get
the money that I was owed, so I took it, but I told [Mukesh Merchant], if I took too
much, let me know, and I'll be glad to give it back to him.  I just—so it's probably
not a good thing to do, but I did it."  (S. Risner Depo. at 187).  The Eleventh
Circuit has held that "a witness who testifies rather than invoking the Fifth
Amendment generally waives the privilege."  *Bigby v. United States INS*, 21 F.3d
1059, 1062 (11th Cir. 1994).  Defendants also contend that Risner is improperly
using the Fifth Amendment as a sword and not a shield by refusing to answer the
Tenth Interrogatory fully.  Notably, this is not the first time that an individual
represented by Martin & Martin has invoked the Fifth Amendment as a way of
obstructing discovery in this case: at the direction of Risner's counsel, Defendants'
former General Manager, Lisa Hulsey, interposed the Fifth Amendment ten times
during her own deposition.  (L. Hulsey Depo. at 82, 98-99, 103, 109, 163).

does not recall specifically any amounts received in cash from Defendants and if she did any such amounts were minimal."  Notably, the instructions to Defendants' First Interrogatories stated that that "[w]here exact information cannot be furnished, estimated information is to be supplied to the extent possible."  (Defs.' First Interrogs., Exhibit E, at 2 of 10).  Defendants request that the Court order Risner to respond fully to this interrogatory.

- ***Thirteenth Interrogatory***

Among other things, the Thirteenth Interrogatory requested Risner to state the methodology supporting her calculation of unpaid overtime and minimum wage damages.

> 13.   Provide a calculation of the amount of unpaid overtime and minimum wages you contend that you are owed, and state: (a) the methodology supporting your calculation; (b) whether your calculation is precise or approximate; (c) whether the uncertainty in your calculation (if any) can be quantified by statistical methods; and (d) any assumptions relied upon in your calculation.

Risner did not object to this Interrogatory but her response was incomplete.  By attaching a spreadsheet, Risner was not absolved of her duty to respond to the request that she *state* her methodology.  In this instance, a written response was necessary as well as an explanation of any mathematical computations.  Moreover, the assumptions relied upon in calculating Risner's damages should be directly

stated in the response to the interrogatory rather than in an attached and difficult-to-read spreadsheet. Defendants request that the Court order Risner to provide a complete response to this Interrogatory.

- *Fifteenth Interrogatory*

The Fifteenth Interrogatory requested information on Risner's employment during the last 10 years:

> 15.   Identify all of your employers in the last ten years, up to and including the present date, but excluding the Defendants in this case, and for each employer identified, set forth in detail: (a) the average number of hours per week that you believe you worked, (b) your dates of employment, (c) your job title, (d) how you were paid—e.g., hourly, salary, piece rate, commissions, etc.—; (e) how much you were paid—e.g., $9 per hour or weekly salary of $460—; and (e) a brief summary of your job duties and responsibilities. Furthermore, please identify your direct supervisors at each of the employers identified in your response.

Risner objected that the interrogatory was (1) overly broad and unduly burdensome; (2) irrelevant; and (3) sought information not reasonably calculated to lead to the discovery of admissible evidence. These objections are without merit. The information sought is relevant and discoverable because Risner's work history shows her job skills, work habits, and the kind of work schedule she was accustomed to working. *Quinones v. Sheriff of Citrus County*, 2011 U.S. Dist. LEXIS 133561 (M.D. Fla. Nov. 18, 2011) (finding that similar interrogatory

sought information that was "relevant and discoverable because plaintiff has asserted a claim for lost wages."). This interrogatory is not overly broad because it seeks information on a narrow subject: Risner's work history. It is not unduly burdensome because Risner testified in her deposition that she only had a handful of different jobs in the last ten years. (S. Risner Depo. at 30-33). Most of the information can probably be supplied from Risner's memory alone. Finally the objection that the information sought is not reasonably calculated to lead to the discovery of admissible evidence is frivolous because the information sought is both probative and relevant. Accordingly, Defendants request that the Court order Risner to answer this interrogatory fully.

## V.     Requests for Production

In response to Defendants' requests for production, Risner failed to produce a single responsive document. At a minimum, Defendants believe that Risner failed to perform a reasonably diligent search for responsive documents. In most of the requests, Defendants have sought documents that Risner may be presumed to possess, such as emails and text messages. In other cases, Defendants have sought information that they know Risner possesses, such as records of Facebook postings. Defendants contend that Risner's oft-repeated claim that no documents are responsive to any of the requests is implausible. It was incumbent upon Risner

16

to perform a diligent search for documents. *Robinson v. City of Arkansas City*, 2012 U.S. Dist. LEXIS 66647 (D. Kan. May 14, 2012) ("Defendant was required to conduct a reasonably diligent search for documents responsive to requests for production."); *Walker v. THI of N.M. at Hobbs Ctr.*, No. 09-0060 JB/RLP, 2010 U.S. Dist. LEXIS 13372, 2010 WL 552661, at *12 (D.N.M. Feb. 8, 2010) (ordering party responding to discovery request to conduct a diligent search for responsive documents); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (stating that a party has an obligation to conduct a reasonable inquiry in the course of responding to requests for production). Accordingly, Defendants request that the Court order Risner to perform a diligent search for documents and to produce any responsive documents.

### A.   *Defendants' First Request for Production of Documents*

- ### *First Request*

Defendants' First Request sought emails sent to or received from various individuals:

> 1.   Please produce true and accurate copies of all emails or text messages sent to or received from Cindy Kennedy, Jenniferlynn Smith, Wanda Dever, or Lisa Hulsey.[13]

---

[13] These individuals were selected because Risner's relationship with these individuals is relevant to this lawsuit: Cindy Kennedy is a current employee of

Risner objected that this request was overly broad and unduly burdensome. Risner's essentially boilerplate objections centered on her contention that the request sought every single email or text message sent to or received from the listed individuals, regardless of whether the Plaintiff was a party to such communications.[14]  Risner's objections also fail because she failed "to demonstrate specifically how the objected-to request [was] unreasonable or otherwise unduly burdensome." *Donahay*, 242 F.R.D. at 687.  Notably, Risner has waived any other objections she might have raised by virtue of failing to raise such objections in a timely manner.  *Siddiq v. Saudi Arabian Airlines Corp.*, 2011 U.S. Dist. LEXIS 151474, at *8 (M.D. Fla. Dec. 7, 2011).  Furthermore, Risner's contention that

---

Geeta, Inc. that Risner has apparently contacted at various times during the pendency of this lawsuit; Jenniferlynn Smith is a former client of Risner's counsel who filed a similar lawsuit against Geeta, Inc. and Mukesh Merchant; Wanda Dever is a current employee of Geeta, Inc. who allowed Risner to live in a trailer that she owned at various times during the pendency of this lawsuit; and Lisa Hulsey is Geeta, Inc.'s former General Manager who hired Risner after Risner quit her job at Geeta, Inc. and who provided Risner with Martin & Martin's phone number.  (S. Risner Depo. at 203-205; L. Hulsey Depo. at 54-55, 140).

[14] Setting merits of this interpretation aside, Defendants note that the instructions to their First Request for Production of Documents stated that "[e]ach document request herein seeks all documents available to Plaintiff, Plaintiff's attorneys, Plaintiff's agents, and any other person acting on Plaintiff's behalf."  (Defs.' First Request for Production, Exhibit H, at 2 of 6).

"she is not in possession of any requested emails or text messages" is implausible in light of her testimony that she has sent text messages to some of the listed individuals. (S. Risner Depo. at 204).[15] Accordingly, Defendants request that the Court order Risner to produce the requested documents.

- ***Fifth Request***

The Fifth Request sought "written or electronic statements" relevant to Plaintiff's daily activities during the period that she worked at the Riverbend motel.

> 5.    Please produce true and accurate copies of all notebooks, "Sticky notes," instant messages, or other written or electronic statements relevant to Plaintiff's daily activities from September of 2010 through April of 2012.

Risner did not object but merely stated that "[n]o such documents exist responsive to this Request." This response is implausible in light of Risner's testimony that she kept track of her schedule with "sticky notes" during this period. (*See, e.g.*, S. Risner Depo. at 10). Risner's supplemental response now states that "[w]hatever

---

[15] Risner's supplemental response reveals that her original response was not candid. (*See* Pl.'s Supplemental Resp. to Defs.' First Requests for Production, Exhibit L at 4-5). Given that Risner has now found a text message to one of the above individuals, Defendants respectfully submit that an Order requiring Risner to perform a more diligent search is warranted.

'sticky notes' Plaintiff may have written on have long since been thrown away prior to Plaintiff filing this lawsuit." (Exhibit L at 5 of 9). However, this only addresses one of the types of documents requested, and Defendants respectfully submit that an Order requiring Risner to perform a diligent search is still warranted.

- *Seventh Request*

The Seventh Request sought copies of pictures and visual renditions relevant to Risner's daily activities during the period of her employment.

> 7.   Please produce true and accurate copies of all photos, picture messages, webcam pictures, or any other visual renditions relevant to Plaintiff's daily activities from September of 2010 through April of 2012.

Risner objected to this request as: (1) overly broad, (2) unduly burdensome, (3) irrelevant, (4) not reasonably calculated to lead to the discovery of admissible evidence, and (5) vague and ambiguous. Risner's bare recitation of objections is insufficient to meet the burden of showing that they apply. *Donahay*, 242 F.R.D. at 687 ("[T]he onus is on the party resisting discovery to demonstrate specifically how the objected-to request is unreasonable or otherwise unduly burdensome."). Moreover, the objections are meritless because Risner is seeking compensation for nearly every hour of every day during the majority of the period of her

employment.[16]   The requested documents are relevant because they contain evidence of what Risner was *doing* during the times for which she is requesting compensation.[17]   Defendants request that the Court order Risner to conduct a diligent search for responsive documents and then produce those documents.

- ***Ninth Request***

This Request sought Plaintiff's phone records during the period of her employment.

> 9.    To be obtained at Defendant's expense, please provide Plaintiff's phone records from September of 2010 through April of 2012.

Risner objected to this request as (1) overly broad, (2) unduly burdensome, (3) not appropriately limited in time, (4) not reasonably calculated to lead to the discovery of admissible evidence, and (5) invasive and intrusive.   These objections fail

---

[16] Risner's supplemental response elaborates on her relevance objection, but she still fails to show that the Seventh Request seeks documents that fall outside of the broad scope of discovery under the Federal Rules of Civil Procedure.  (*See* Exhibit L at 6 of 9).

[17] Defendants were able to obtain several of Risner's photographs of herself spending time at the Riverbend Motel by browsing Risner's publicly-accessible Facebook page, and Risner has admitted to the authenticity of these photographs in her responses to Defendants' First Requests for Admission.  (*See* Exhibits I and J). Considering that many of these photographs depict Risner performing various activities at the Riverbend Motel during the period for which she is seeking damages, Defendants contend that they and others like them are discoverable.

because they are unsubstantiated. *Donahay*, 242 F.R.D. at 687. Contrary to Risner's objection, the Request is appropriately limited in time because it encompasses the period of her employment at the Riverbend Motel. Given Risner's claim to have worked 22 hours per day during most of this period, the phone records constitute critical evidence of Risner's activities, and they are discoverable. *See Morgan v. Safeway Inc.*, 2012 U.S. Dist. LEXIS 81045, at *6-7 (D. Md. June 11, 2012) (granting defendant's motion to compel production of plaintiff's cell phone records).[18] Furthermore, Risner cannot be heard to object on the ground that the request is invasive and intrusive because she has put her personal life at issue by seeking compensation for 22 hours of work per day. Finally, the objection is vitiated by the fact that Risner may designate documents as "confidential" pursuant to the consent protective order entered in this case. (*See* Doc. 16). Accordingly, Defendants request that the Court order Risner produce responsive documents.

---

[18] Risner's supplemental response elaborates on her relevance objection, but she still fails to show that the Ninth Request seeks documents that fall outside of the broad scope of discovery under the Federal Rules of Civil Procedure. (*See* Exhibit L at 6 of 9).

22

**B.      *Defendant's Second Request for Production of Documents***

- ***Fourth Request***

The Fourth Request sought any documents related to Risner's employment that had not previously been requested.

> 4.      To the extent not previously provided, any and all documents referencing, evidencing, and/or concerning Plaintiff's employment with the Defendants, including but not limited to emails, timekeeping documents, paystubs, memos, emails, and supervisory notes.

Risner did not specifically object to this request.  Furthermore, Risner's statement that she "is not presently aware of any such documents" constitutes an admission that she has not performed a diligent search.  Such a diligent search will presumably result in production of *some* documents.  Risner maintained a Facebook page and an email account, and she had a phone capable of sending and receiving text messages during the period of her employment.  (*See, e.g.*, S. Risner Depo. at 7-10, 189, 191, 204-05).  Defendants request that the Court order Risner to perform a diligent search for responsive documents.

## VI.   Attorney's Fees

Pursuant to Rule 37(a)(5), Defendants respectfully request that the Court award them their fees and expenses incurred in connection with filing their motion to compel.  Given the insufficiency of Risner's responses and the lack of substantial justification for her objections, Defendants respectfully submit that an

23

award of attorney's fees is proper.  *See, e.g.*, *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, 2012 U.S. Dist. LEXIS 34893, at *22-23 (N.D. Ga. Mar. 14, 2012) ("[T]he Court must order attorneys' fees if a motion to compel is granted and the responsive party's objections were not substantially justified[.]") (citing Fed.R.Civ.P. 37(a)(5)).   If the Court grants Defendants' motion, Defendants request that the Court give them 30 days to file their petition for fees with affidavits in support.

## VII.   Conclusion

Defendants have responded in painstaking detail to Risner's interrogatories, and they have produced over 3,000 pages of documents responsive to Risner's requests for production.   On the other hand, Risner's discovery responses have been incomplete, evasive, and wholly inadequate.   Further, Risner and her counsel have obstructed discovery by such means as asserting the Fifth Amendment and interposing frivolous and inapplicable objections.   Risner's failure to respond candidly and fully to discovery places Defendants at a severe disadvantage, and her counsel's refusal to confer in good faith regarding these discovery disputes places additional burdens on both the Court and Defendants.   For these reasons, Defendants request that the Court grant their Motion to Compel and award them their attorney's fees and costs for having to prepare this Motion.

Respectfully submitted:   November 8, 2012


MAYS & KERR LLC                              /s/  Jeff Kerr
229 Peachtree Street                         Jeff Kerr
International Tower | Suite 980               Georgia Bar No. 634260
Atlanta, Georgia 30303                       jeff@maysandkerr.com
Telephone:  404 410 7998
Facsimile:   404 855 4066                     John L. Mays
                                             Georgia Bar No. 986574
                                             john@maysandkerr.com

                                             Viraj Parmar
                                             Georgia Bar No.
                                             viraj@maysandkerr.com


Attorneys for Defendants

**LOCAL RULE 37.1 CERTIFICATE OF CONFERENCE**

I hereby certify that I have attempted in good faith to confer with counsel for Plaintiff by sending a Rule 37 Letter dated November 1, 2012; by sending emails on November 1, 2, 5 and 6; and by placing outgoing phone calls and leaving voice messages requesting return phone calls on November 2 and 5 with both attorneys listed as counsel of record for Plaintiff.

**LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I hereby certify that Defendants' Motion to Compel has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(C).

Respectfully submitted:   November 8, 2012

|  |  |
|---|---|
|  | /s/  Jeff Kerr |
| MAYS & KERR LLC | Jeff Kerr |
| 229 Peachtree Street | Georgia Bar No. 634260 |
| International Tower \| Suite 980 | jeff@maysandkerr.com |
| Atlanta, Georgia 30303 |  |
| Telephone:  404 410 7998 | John L. Mays |
| Facsimile:   404 855 4066 | Georgia Bar No. 986574 |
|  | john@maysandkerr.com |
|  |  |
|  | Viraj Parmar |
|  | Georgia Bar No. |
|  | viraj@maysandkerr.com |
| Attorneys for Defendants |  |