## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into this 16 day of March, 2013, by and between Sandra Risner (the "Plaintiff") and Geeta Inc. and Mukesh Merchant, on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and their respective past and present owners, predecessors, successors, assigns, representatives, officers, directors, agents and employees (collectively "Defendants").

For and in consideration of the covenants and promises contained herein, Plaintiff and Defendants agree as follows:

1) Non-Admission. This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

2) Pending Claims. Plaintiff on April 25, 2012 filed a Complaint, Case No. 2:12-CV-00098-WCO with the United States District Court for the Northern District of Georgia alleging failure to pay minimum wage and overtime under the Fair Labor Standards Act of 1938, as amended ("FLSA"). Plaintiff and Defendants desire fully and finally to resolve this lawsuit and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiff against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Plaintiff represents that no other charges, actions or claims are pending on Plaintiff's behalf, other than those set forth in this paragraph.

3) Payment to Plaintiff. In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agree to pay the Plaintiff, the total sum of Forty Five Thousand Dollars and No Cents ($45,000.00). This payment is inclusive of all claims for attorneys' fees and expenses. The payment shall be made as a structured settlement in the following manner beginning with initial disbursements ("Initial Disbursements") within ten (10) days following the entry of an Order approving this Agreement:

   a) Payment to Plaintiff for Claims for Lost Wages. Within ten (10) days after approval of the Agreement by the Court and dismissal of the case with prejudice, Defendants agree to pay the Plaintiff, as payment for claims for lost wages, the sum of Five Thousand Dollars and No Cents ($5,000.00) ("Initial Disbursements"), less all applicable withholding taxes and payroll deductions. Defendant shall then pay Plaintiff as lost wages in five (5) monthly installments of One Thousand One Hundred Three and 74/100 ($1,103.74) Dollars each less all applicable withholding taxes and payroll deductions with the first such installment payment being due 30 days after the above Initial Disbursements were due and the last such installment payment being due 150 days after the above Initial Disbursements were due. Defendants agree to pay the withholding taxes and payroll deductions withheld as required by law

b) <u>Payment to Plaintiff for Claims for Liquidated Damages</u>. Within ten (10) days after approval of the Agreement by the Court and dismissal of the case with prejudice, Defendants agree to pay the Plaintiff, as payment for claims for Liquidated Damages, the sum of Five Thousand Dollars and No Cents ($5,000.00) ("Initial Disbursements"). Defendant shall then pay Plaintiff as Liquidated Damages in five (5) monthly installments of One Thousand One Hundred Three and 74/100 ($1,103.74) Dollars each with the first such installment payment being due 30 days after the above Initial Disbursements were due and the last such installment payment being due 150 days after the above Initial Disbursements were due.

c) <u>Payment to Plaintiff's Attorney</u>. Within forty (40) days after approval of the Agreement by the Court, and dismissal of the case with prejudice, Defendants agree to pay the attorney for Plaintiff in five (5) monthly installments of Four Thousand Seven Hundred Ninety Two and 53/100 ($4,792.53) Dollars each with the first such installment payment being due 40 days after the above Initial Disbursements were due and the last such installment payment being due 150 days after the above Initial Disbursements were due.

d) The appropriate IRS form(s) shall be issued reflecting the payment(s).

e) Defendants shall have the right to accelerate their payments under this payment scheme, provided that the total amount submitted to Plaintiff and her counsel remains the same.

4) <u>Withdrawal of Claims</u>. Prior to receipt of the payments specified in Section 4, the conditions precedent in this Section must be fulfilled. Plaintiff and the Defendants shall seek Court approval of the parties' settlement of Plaintiff's FLSA claims in the Complaint in accordance with the provisions of the FLSA, and request that the pending Complaint, Case No. 2:12-CV-00098-WCO be dismissed with prejudice. Plaintiff also agrees to withdraw any other claims, charges, or complaints that Plaintiff has initiated or that others have initiated on the Plaintiff's behalf against the Defendants in any forum. Defendants agree not to pursue any claims for sanctions or attorney's fees against Plaintiff; such claims are hereby released.

6. <u>Waiver and Release of Claims</u>. Plaintiff, on behalf of Plaintiff, Plaintiff's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Defendants, its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Plaintiff may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Plaintiff's employment with the Defendants as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or

retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Plaintiff understands and agrees that this Agreement applies to all claims arising on or before the date Plaintiff executes this Agreement.

7. **Release of Known and Unknown Claims.** Plaintiff understands and agrees that her release of claims in Section 6 above covers all claims of every nature and kind whatsoever, whether known or unknown, past or present, including claims which Plaintiff may not be aware of at the time of executing this Agreement, which, if known by Plaintiff, might have materially affected Plaintiff's executing this Agreement. Plaintiff understands and agrees that the significance and consequence of this release of Plaintiff's claims is that even if Plaintiff should eventually discover claims or facts in addition to, or different from those which she now knows or believes to exist, Plaintiff will not be able to make any claim for and waives any right to those claims and/or damages. However, nothing in this Agreement will affect any claims Plaintiff may have which arise after Plaintiff's execution of his Agreement.

8. **No Pursuit of Claims.** Plaintiff represents and agrees that she has not filed and promises to the maximum extent allowed by law, that Plaintiff will not in the future file any lawsuit, complaint, charge, action, grievance, or other proceeding against Defendants with respect to any claims that are released under the terms of this Agreement. Defendants represent and agree that they have not filed and promise to the maximum extent allowed by law, that Defendants will not file any lawsuit, complaint, charge, action, grievance, or other proceeding against Plaintiff with respect to any claims arising on or before the date Defendants executes this Agreement, and further that Defendants represent and agree that they will bear their own costs and fees, including attorneys' fees incurred in the litigation of this matter, and they waive any rights to any legal fees and costs from Plaintiff and/or her attorneys from and including any such fees and costs authorized by the Court in this action including those resulting from any request for sanctions by Defendants.

9. **Non-Interference.** Nothing in this Agreement shall interfere with the Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency. However, the consideration provided to the Plaintiff in this Agreement shall be the sole relief provided to the Plaintiff for the claims that are released by the Plaintiff herein and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or recovery against the Defendants in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

10. **Payment of Applicable Taxes.** Plaintiff and her attorney are and shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiff or her attorney by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement.

11. **Mutual Confidentiality.** The dollar amount of this Agreement may not be disclosed to any person or entity except that Plaintiff and Defendants may disclose the dollar amount of this Agreement: (a) To their respective attorneys, to their respective tax advisors, to agents of governmental taxing authorities acting in their official capacities, to agents of governmental equal-employment, fair-employment, human-rights, or human-relations agencies acting in their official capacities, or pursuant to lawful subpoena, as may otherwise be required by law; (b) To defend the attorneys for either party against claims for professional negligence, malpractice or misconduct; (c) With express, written permission of the other party; (d) Defendants may disclose, on a "need to know" basis, the dollar amount of this Agreement to its board members, officers, agents, and employees; and (e) Plaintiff may disclose the dollar amount of this Agreement to Plaintiff's immediate family and to anybody with whom he/she has a relationship that the law recognizes as "confidential" or "fiduciary." It shall not be a breach of this Paragraph or of this Agreement for either party to state that "the case has been settled to the parties' mutual satisfaction" (or substantially similar comment). Nothing in this Paragraph or in this Agreement is intended to or shall be construed to impede the right or the duty of the parties to file taxes honestly, to report income honestly, to testify truthfully under oath, or to cooperate with any government investigation. In the event that the Plaintiff is compelled by legal subpoena or court order to provide information covered by this paragraph, Plaintiff agrees to immediately notify the Defendants.

12. **Transfer of Claims.** Plaintiff represents and warrants that Plaintiff has not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Plaintiff agrees to indemnify and hold the Defendants harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. Plaintiff further warrants that there is nothing that would prohibit Plaintiff from entering into this Agreement.

13. **No Future Employment.** The Plaintiff agrees and recognizes that Plaintiff's employment relationship has been permanently and irrevocably severed. Plaintiff hereby understands and agrees that Plaintiff will not be re-employed by the Defendants in the future and that Plaintiff will never knowingly apply to the Defendants, its subsidiaries, affiliates, parents or divisions for any job or position in the future. Plaintiff agrees that if Plaintiff knowingly or unknowingly applies for a position and is offered or accepts a position with the Defendants, its subsidiaries, divisions or affiliates, the offer may be withdrawn and Plaintiff may be terminated without notice, cause, or legal recourse.

14. **Neutral Letter of Reference and Neutral Reference Checks.** All reference checks (both written and oral) will be answered in a neutral manner, stating only Plaintiff's name and dates of employment.

15. **Return of Property.** As a condition precedent to the Plaintiff's receipt of the monetary payment provided under this Agreement, Plaintiff acknowledges that Plaintiff has returned all the Defendants property possessed by Plaintiff, and any and all confidential and proprietary information belonging to Defendants. Any confidential or proprietary information in the possession of Plaintiff or her attorney shall be destroyed within seven (7) days of receipt of payments under this Agreement.

16. **Plaintiff is Not Prevailing Party.** Plaintiff shall not be considered a prevailing party for any purpose.

17. **Entire Agreement.** This Agreement contains the entire agreement and understanding between the Plaintiff and the Defendants with respect to any and all disputes or claims that the Plaintiff has, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between the Plaintiff and the Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Plaintiff and the Defendants.

18. **Severability.** The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general Release by Plaintiff that is not invalid.

19. **Plaintiff's Acknowledgement.** Plaintiff acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Plaintiff enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Plaintiff further acknowledges and represents that Plaintiff assumes the risk for any mistake of fact now known or unknown, and that Plaintiff understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. The Plaintiff also acknowledges: (a) that Plaintiff has consulted with or has had the opportunity to consult with an attorney of Plaintiff's choosing concerning this Agreement and has been advised to do so by the Defendants in writing; and (b) that Plaintiff has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or the Plaintiff's attorney's advice. Plaintiff acknowledges that Plaintiff has been given a reasonable time to consider the terms of this Agreement. Plaintiff acknowledges that Plaintiff is getting more consideration under this Agreement than Plaintiff is otherwise entitled. Plaintiff further understands and acknowledges that Plaintiff is only releasing claims in Paragraph 6 of the Agreement that arose prior to the execution of this Agreement.

20. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

21. **Choice of Law.** This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

SANDRA RISNER

*Sandra Risner* (signature)

Date: March 16 2013

GEETA, INC. & MUKESH MERCHANT

By: *(signature)*

Title: OWNER AND C.E.O.

Date: SUNDAY, MARCH 17, 2013

03/15/2013 15:59 8642317654 STAPLES PAGE 09/09