IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SANDRA RISNER, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION |
| | :   NO. 2:12-CV-00098-WCO |
| GEETA, INC., a Georgia corporation, and MUKESH MERCHANT, an individual, | : |
| | : |
|     Defendants. | : |

## **ORDER**

The captioned case is before the court for consideration of the parties' "Joint Motion for Approval of Settlement and Dismissal of Action" [88].

Plaintiff alleges that defendant failed to pay her minimum wages and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). On March 25, 2013, the parties filed this motion seeking approval of a joint settlement agreement. The court held a hearing on April 18, 2013, to discuss this motion and address the settlement agreement. At the hearing, the parties' counsel represented that the agreement was fair and reasonable and asked for the court's approval thereof.

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a

stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). Part of this reasonableness review may involve some scrutiny of the amount of fees to be paid to plaintiff's counsel. "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). This court has previously discussed the conflict of interest that may arise in a FLSA settlement. *See generally Martin v. Huddle House, Inc.*, No. 2:10-CV-0082-WCO, 2011 WL 611625 (N.D. Ga. Feb. 11, 2011).

At the hearing, the court found that there is a bona fide dispute over FLSA provisions in this matter. Additionally, the court concluded that the settlement agreement is a fair and reasonable settlement of plaintiff's claims. The fee contract between plaintiff and her attorney provided for a 40% contingency fee plus costs and expenses. The fee awarded here conforms with the fee contract, and plaintiff's attorney avoided the potential conflict of interest that the court has noted in previous FLSA cases by negotiating a lump-sum settlement amount and then following the provisions of the fee contract to determine the amount of his fee.

For the foregoing reasons, the parties' "Joint Motion for Approval of Settlement and Dismissal of Action" [88] is hereby **GRANTED**. The parties' settlement agreement is hereby **APPROVED**, and plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. The clerk is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 18th day of April, 2013.

                                        s/*William C. O'Kelley*
                                        WILLIAM C. O'KELLEY
                                        Senior United States District Judge